Jack McGILVRA, Plaintiff,

v.

**NATIONAL TRANSPORTATION SAFETY BOARD,**
Defendant.

No. 92–C–1204.

United States District Court,
D. Colorado.

Dec. 30, 1993.

Victoria Swanson, Colorado Springs, CO, for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Following the crash of United Airlines Flight 585, the plaintiff, Jack McGilvra, commenced this action against the defendant National Transportation Safety Board (NTSB) pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §§ 551 *et seq.*, and 49 U.S.C.App. § 1905(d), seeking release of a copy of the cockpit voice recorder (CVR) tape. Currently pending are the parties cross-motions for summary judgment. The Air Line Pilots Association International (ALPA) has filed *amicus curiae* briefs.

The issues have been fully briefed and oral argument would not assist the decision process. Jurisdiction exists under 5 U.S.C. § 552(a)(4)(B).

### A. *Factual and Procedural Background.*

On March 3, 1991, United Airlines Flight 585 crashed in Colorado Springs, Colorado. There were no survivors. Among the victims was Paula McGilvra.

As part of its investigation, the NTSB recovered the CVR from the crash site. On February 13, 1992, the plaintiff filed a FOIA request with the NTSB seeking a copy of the CVR tape. On March 18, 1992, the NTSB denied that request. The NTSB explained that 49 U.S.C.App. § 1905(c) prohibited it from disclosing CVR recordings, and therefore the request was denied under Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3). The Managing Director of the NTSB denied the plaintiff's appeal and refused to release the CVR tape, again relying on 49 U.S.C.App. § 1905(c) and Exemption 3.

Thereafter, the plaintiff commenced this action seeking a copy of the CVR tape under the FOIA, subject to a protective order to be issued pursuant to 49 U.S.C.App. § 1905(d)(4). Plaintiff asserts that the CVR tape is necessary for accident reconstruction.

Since this action was commenced, the court hearing the tort action arising from the crash granted limited discovery of the contents of the CVR. *Air Crash Disaster at Colo. Springs, Colo. on Mar. 31, 1991,* case no. 91 L 09639, (Cir.Ct. of Cook County, Ill. May 24, 1993).

### B. *Summary Judgment Motions.*

Congress enacted the FOIA to provide the public access to federal agency records not protected from disclosure by one of nine specified exemptions. *Anderson v. HHS,* 907 F.2d 936, 941 (10th Cir.1990). The FOIA is to be interpreted liberally in favor of disclosure, and its exemptions are to be narrowly construed. *Id.* A federal agency asserting an exemption has the burden of justifying nondisclosure. *Id.* It is the district court's obligation to review *de novo* an agency's decision not to disclose requested materials, and to determine whether those materials are covered by a claimed exemption. *Id.*

Plaintiff submits three arguments in support of its claim for access to the CVR tape: (1) 49 U.S.C.App. § 1905 is not an Exemption 3 statute; (2) the tape should be released pursuant to 49 U.S.C.App. § 1905(d)(3); and (3) 49 U.S.C.App. § 1905 is unconstitutional.

#### 1. *Whether 49 U.S.C.App. § 1905 is an Exemption 3 Statute.*

■ Exemption 3 allows withholding information if the matters are "specifically exempted from disclosure by statute" and the statute either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3); *Anderson,* 907 F.2d at 948.

To determine whether Exemption 3 has been appropriately asserted, a court must examine the statute invoked by the agency to determine whether it satisfies the conditions of Exemption 3. *Id.* at 950. Here, the NTSB relied on 49 U.S.C.App. § 1905 to justify its refusal. The parties have cited no case, and I have found none, that has determined whether or not 49 U.S.C.App. § 1905 is an Exemption 3 statute.

Plaintiff asserts that since the NTSB has discretion to disclose the CVR tape to non-NTSB employees as part of a crash investigation, 49 U.S.C.App. § 1905 is a discretionary nondisclosure statute that does not satisfy Exemption 3.

Section 1905(a) provides that the NTSB shall make available information received by the NTSB "unless such information may not be publicly released pursuant to subsection . . . (c)." Section 1905(a) further provides that:

"Nothing contained in this section shall be deemed to require the release of any information described by subsection (b) of section 552 of Title 5 [the FOIA], or which is otherwise protected by law from disclosure to the public."

Section 1905(c)(1) states that the NTSB "*shall withhold from public disclosure cockpit voice recorder recordings* and transcriptions, in whole or in part, of oral communications by and between flight crew members and ground stations, that are associated with accidents . . . investigated by the Board." (Emphasis added.) [1]

I conclude that 49 U.S.C.App. § 1905(c) falls within subsection (A) of FOIA's Exemption 3. Section 1905(c) states unequivocally that the NTSB "shall withhold from public disclosure" CVR recordings. Exemption 3 requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue. Here, the NTSB has no discretion whether or not to withhold the CVR tape from the public, and therefore, I conclude that the NTSB properly denied the plaintiff's FOIA request pursuant to Exemption 3 and 49 U.S.C.App. § 1905(c).

Release of the CVR tape to parties to the NTSB investigation does not prohibit § 1905 from being an Exemption 3 statute. The NTSB regulations governing accident investigations grant the NTSB discretion in selecting persons as "parties to the field investigation." 49 C.F.R. 831.9.[2] It is undisputed that persons who are selected to be parties to the field investigation are granted access to the CVR tape. The legislative history of § 1905 reveals that Congress intended to permit the NTSB to release CVR recordings to persons named as parties in the NTSB crash investigation.[3] Congress has progressively placed additional restrictions on public access to CVR tapes while preserving the NTSB's practice of sharing CVR tapes with investigation participants.

■ The fact that the NTSB may release CVR tapes to parties to the investigation does not change the mandate of the statute that CVR tapes not be made public. Disclosure of a CVR tape within the confines of a NTSB investigation, in order to facilitate that investigation, is not a "public" disclosure under the FOIA, and therefore such disclosure does not prevent 49 U.S.C.App. § 1905 from being an Exemption 3 statute. *See Cooper v. Department of Navy*, 558 F.2d 274, 278 (5th Cir.1977), *cert. denied*, 444 U.S. 926, 100

---

**1.** The prohibition of subsection 1905(c)(1) is modified by section 1905(c)(2), which permits the NTSB to release to the public "portions of a *transcript*" of oral communications contained on the CVR tape that the NTSB determines are relevant and pertinent to the accident under investigation. The NTSB has released such a partial transcript of the tape at issue.

**2.** 49 C.F.R. 831.9 provides, in pertinent part, that:

"(a) The investigator-in-charge may, on behalf of the Director . . . designate parties to participate in the field investigation. Parties to the field investigation shall be limited to those persons, government agencies, companies, and associations whose employees, functions, activities, or products were involved in the accident or incident and who can provide suitable qualified technical personnel to actively assist in the field investigation."

Representatives of "claimants and insurers" are expressly excluded as parties to the NTSB investigation. 49 C.F.R. 831.9(c).

**3.** In adopting § 1905(c) Congress made it clear that it did not intend to alter the NTSB's policy of sharing CVR tapes with investigation participants: "The conferees emphasize that this amendment would not affect the Board's current practice of sharing CVR information with parties to the investigation." H.Conf.Rep. No. 864, 97th Cong., 2d Sess., 4, (1982) *reprinted in* 1982 U.S.C.C.A.N. 3039, 3043. When Congress added paragraph (d) to § 1905, it explained that paragraph (d) "is not intended, however, to restrict the parties to the investigation in any way from access to the CVR information." S.Rep. No. 450, 101st Cong., 2d Sess., 6, (1990) *reprinted in* 1990 U.S.C.C.A.N. 6376, 6381.

S.Ct. 266, 62 L.Ed.2d 183 (1979).[4] Under the framework established by § 1905, it is evident that Congress intended to prevent disclosure of CVR tapes to the "public," meaning those persons outside the NTSB investigation.[5]

### 2. Whether the CVR Tape Should Be Released Pursuant to 49 U.S.C.App. § 1905(d)(3).

■ Plaintiff argues that the CVR tape should be released pursuant to 49 U.S.C.App. § 1905(d)(3). Plaintiff's reliance on § 1905(d)(3) is misplaced. That section provides that, subject to a protective order issued pursuant to § 1905(d)(4), a court may permit discovery of a CVR tape by a party if the court, after an in camera review, finds that:

> "(A) the portions of the transcriptions made available to the public under subsection (c) of this section and to the party through discovery under paragraph (2) do not provide the party with sufficient information for the party to receive a fair trial; and
>
> (B) discovery of cockpit voice recorder recordings is necessary to provide the party with sufficient information for the party to receive a fair trial."

Section 1905(d)(3) is directed to permissible discovery in the context of plane crash litigation. The determination whether the CVR tape is discoverable by a party to plane crash litigation is a question that must be addressed to the court where that litigation is pending—the court that has the requisite knowledge to determine whether the CVR tape is necessary to a fair trial. The FOIA does not grant this court authority to order

discovery in a case that is not pending before it.

This interpretation is supported by the legislative history to § 1905(d)(3). The Senate Report states:

> "This section also amends section 306 [§ 1905] to restrict the ability of litigants to misuse the recordings or transcripts in a lawsuit by setting standards for discovery and requiring that, *if discovery of non-public portions of a recording* or transcript is obtained, a protective order is to be issued limiting the use of the information to that proceeding." S.Rep. No. 450, 101st Cong., 2d Sess., 6 (1990) *reprinted in* 1990 U.S.C.C.A.N. 6376, 6381, (emphasis added).[6]

This court is not oblivious to the seeming unfairness of the practical impact of the above cited statutes: to allow representatives of defendants in air crash cases access to CVR tapes in their capacities as parties designated to participate in the investigation, while denying plaintiffs and their representatives and expert investigators equal access to the facts. This argument, however, must be addressed to Congress, not to a court where, as here, the intent of Congress is clear.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion for summary judgment is granted;

(2) Plaintiff's motion for summary judgment is denied; and

(3) Judgment shall enter in favor of the defendant and against the plaintiff.

---

4. Plaintiff further contends that the NTSB has released a copy of the CVR tape to persons outside the NTSB investigation, and therefore has waived the FOIA exemptions. *See Fiumara v. Higgins*, 572 F.Supp. 1093, 1100 (D.N.H. 1983). The only evidence on this issue reveals that the NTSB has not released the CVR tape to persons other than the designated representatives of parties to the NTSB investigation and to United Airlines, which owned the CVR tape. (Exhibit A to the defendant's motion for summary judgment.) Therefore, assuming that Exemption 3 can be waived by the NTSB, there has been no waiver here.

5. Because I conclude that the NTSB properly denied the plaintiff's FOIA request under Exemption 3, I do not address the ALPA's contention that the CVR tape is exempted from disclosure by Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6).

6. Because this is not the correct forum to rule on the plaintiff's discovery request pursuant to § 1905(d), I will not determine whether the provisions of that section violate the plaintiff's constitutional rights.